# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARRY L. EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-207-WDS |
| | ) |
| JOHN BUTLER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, formerly an inmate in the Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## FACTS ALLEGED

Plaintiff states that since he was a teenager, he has had issues with gender identity. He alleges that Defendant Butler learned this information from his master file and then began harassing him. This harassment manifested itself at one automotive class in November 2006; Butler engaged in name-calling and teasing in front of officers and other inmates regarding Plaintiff's proclivities for cross-dressing. Plaintiff later filed a grievance about Butler's unprofessional conduct. A few weeks later, Plaintiff found himself placed in segregation. Finally, Plaintiff states that he has been denied assignment to work-release due to unjustified classification as a sex offender.

## HARASSMENT

Plaintiff's first claim is made against Butler for his verbal harassment. However, isolated, infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim. *See, e.g., Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

> The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *accord Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), *clarified on rehearing*, 186 F.3d 633 (5th Cir. 1999). Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth Amendment); *Patton*, 822 F.2d at 700 (due process); *Williams*, 180 F.3d at 705-06 (equal protection).

*DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Although the Court does not condone Butler's behavior, this isolated incident of verbal harassment does not rise to the level of a constitutional violation. Therefore, his claim against Butler for verbal harassment is dismissed from this action with prejudice.

**DUE PROCESS**

Plaintiff's next claim is that he was unfairly placed in disciplinary segregation as a result of filing a grievance against Butler. However, the disciplinary report to which he refers clearly states that he was placed on *investigative status* pending the resolution of his grievance.

Illinois statutes and correctional regulations do not place limitations on the discretion of prison officials to place inmates in administrative segregation, including investigative or temporary look-down or confinement and involuntary protective custody; accordingly, there is no liberty interest implicated by an inmate's placement in these forms of segregation. *Williams v. Ramos*, 71 F3d 1246, 1248 (7th Cir. 1995); *Pardo v. Hosier*, 946 F.2d 1278, 1281-1284 (7th Cir. 1991); *Kellas v. Lane*, 923 F.2d 492, 494-95 (7th Cir. 1991); *see generally Sandin v. Conner*, 515 U.S. 472, 483 (1995); *Hewitt v. Helms*, 459 U.S. 460 (1983). His claim regarding placement in segregation is dismissed from this action with prejudice.

**WORK RELEASE**

Plaintiff's final claim is that he was unfairly denied assignment to work release. The basis for this claim is a one-sentence memorandum written by S. Harrison, which states: "It appears it was denied because you were enrolled in the sex offender program down there even though you aren't a sex offender."

It is well established that in the absence of a state rule creating a specific entitlement, prisoners have no liberty interest in placement. *See Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001); *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992). Illinois law leaves assignment to work-release, like any other transfer, to the discretion of prison officials. *See* 20 Ill. Adm. Code § 455.30. These rules merely establish eligibility for such placement, and eligibility by

3

itself does not confer an entitlement. *DeTomaso*, 970 F.2d at 213. Accordingly, Plaintiff has no constitutional claim regarding denial of assignment to work release.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff's motions for service at government's expense and for appointment of counsel (Docs. 6 and 7) are **DENIED** as moot. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: March 27, 2009.**

               **s/ WILLIAM D. STIEHL**
                 **DISTRICT JUDGE**